JiLOBRANO, Judge.
We granted certiorari to consider the State’s application wherein it is urged that the trial court erred in granting defendant’s motion to suppress.Defendant failed to file a response despite our request that he do so. For the following reasons we reverse.

STATEMENT OF THE FACTS

On April 1, 1997 at approximately 3:00 p.m., Officer Stephen Imbraguglio and his *610 partner set up surveillance at the intersection of St. Roch and Benefit Streets. This location was selected because the officers had received a tip from a confidential informant that narcotics activity was occurring there. Officer Imbraguglio observed two of the defendants, Anthony Daggs and Ramsey Smith, sitting in a dark blue Buick with tinted windows; this vehicle had been described by the C.I. A Nissan arrived at the intersection. Ramsey Smith exited the Buick, approached, the driver’s side of the Nissan, made an exchange of an object for currency, returned to the Buick, and handed the currency to Anthony Daggs while the Nissan left the area. A few minutes later, the officer observed the defendant Herbert Batiste standing on the neutral ground at the intersection. Batiste engaged bin a transaction with someone.[1] The officers next observed the fourth defendant, Todd Daggs, in the neutral ground. He spoke with a female, went to a Cadillac parked on St. Roch, removed something from the trunk, returned to the woman, and made an exchange of the object for currency.
At approximately 3:55 p.m., Ramsey Smith and Anthony Daggs left the area in the Buick. Officer Imbraguglio instructed his back-up team to stop them. The team did so; narcotics were retrieved from Smith. Meanwhile, a woman in another car spoke with Batiste and Todd Daggs after which the men appeared to be in a “little panic”. Batiste walked quickly to a green Oldsmobile, opened the trunk, took something out of his pocket, placed it in the trunk, and shut it. Todd Daggs went to the Cadillac and did essentially the same thing. Batiste, Todd Daggs, and two other unidentified men then left the intersection in a white Pontiac Grand Am.
Officer Imbraguglio instructed the same back-up team to stop the Grand Am, which it did approximately one block from where the Buick was stopped. Officer Imbraguglio and his partner went to the scene of the' stop and retrieved car keys from Batiste and Todd Daggs. When the officers returned to the intersection of St. Roch and Benefit, they were confronted by several members of Batiste’s family who appeared agitated and irate. Officer Imbraguglio summoned a narcotics K-9 unit, and, when it arrived, the dog alerted on the trunk of the green Oldsmobile. Officer Imbraguglio opened the trunk and retrieved a plastic bag containing crack cocaine. He did not have anyone’s consent to search the vehicle.
|3In additional testimony, Officer Imbra-guglio stated that the Oldsmobile was burned and appeared to be an abandoned vehicle. He explained that he did not wait for a warrant after the dog alerted on the car because of a lack of manpower and the hostility of the crowd.
After hearing the officer’s testimony, the trial court granted the motion to suppress the evidence as to Batiste only[2], noting that the vehicle could not be considered abandoned in light of Batiste’s possession of keys to it, and after wondering why it was not towed.
In its writ application, the State makes three arguments in support of its position that the trial court erred when it granted Batiste’s motion to suppress the evidence. The State first argues that there were exigent circumstances because Batiste’s family was attempting to approach the vehicle and was behaving in a hostile fashion. The State next argues that the vehicle was abandoned property, and thus, Batiste had no expectation of privacy in it. Lastly, the State argues that it was inevitable that the drugs in the trunk would have been lawfully discovered and thus should be admitted at-trial despite the lack of a warrant or consent.
The last argument has merit. As the State correctly notes, the evidence does not need to be suppressed if it would have inevitably been discovered on lawful grounds. As *611 this Court stated in State v. Knapper, 626 So.2d 395, 396 (La.App. 4th Cir.1993), writ denied 93-2950 (La.1/28/94), 630 So.2d 798 (La.1994):
In Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984), the United States Supreme Court adopted the “inevitable discovery” doctrine, holding that ^evidence found as a result of a violation of a defendant’s constitutional rights, would be admissible “[i]f the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered.” The so-called “inevitable discovery doctrine” has been followed by Louisiana courts. State v. Nelson, 459 So.2d 510 (La.1984), cert den., Nelson v. Louisiana, 471 U.S. 1030, 105 S.Ct. 2050, 85 L.Ed.2d 322 (1985); State v. Clark, 499 So.2d 332 (La.App. 4th Cir.1986).
Here, the officers observed the defendant engage in a narcotics transaction. After apparently having been informed that two other persons were arrested immediately after leaving the intersection, Batiste went to the green Oldsmobile, placed something in ,the trunk, and left the scene with another person who engaged in the same suspicious activity. A drug-sniffing dog alerted on the trunk of the Oldsmobile. These facts absolutely support a finding of probable cause to believe that the trunk contained illegal drugSj-and, in fact, the defense did not argue at the hearing that there was not probable cause to search. Because there was probable cause to believe that the trunk contained contraband, a warrant could have been issued for the seizure and search of the automobile, and the contraband would have been lawfully discovered. Accordingly, the trial court erred in granting the defendant’s motion to suppress.
REVERSED.

. Officer Imbraguglio did not testify to any of the details of transaction because Batiste had already had a preliminary hearing. There appears to be no dispute that the activity observed was consistent with a narcotics transaction.

. The narcotics dbg also alerted on the Cadillac. Officer Imbraguglio retrieved contraband from the Cadillac’s trunk without a warrant or consent to search. However, the trial court found that the vehicle was operable and therefore at risk of being driven from the scene.